IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LISANDRA COLON COLON

DEBTOR

CASE NO. 12-09055(BKT)
CHAPTER 13

FIRSTBANK PUERTO RICO

MOVANT

*OBJECTION TO THE CONFIRMATION OF PLAN*

TO THE HONORABLE COURT:

COMES NOW, Movant **FIRSTBANK PUERTO RICO,** through its undersigned attorney and very respectfully states and prays:

**I.   Introduction**

1. The jurisdiction of the Honorable Court is ascertained under Title 28 USC §1334 and the following sections of the Bankruptcy Code: 365, 1322, 1325, and 1326.

**II.   Procedural Background**

2. The Debtor filed a Chapter 13 Bankruptcy petition on November 12, 2012. *See, Docket 1.*

3. At the time of the filing, the Debtor drove a 2010 Dodge Charger, Vin No. 2B3CA5CT8AH281878 (hereafter, the "vehicle).

4. The Debtor had entered into a Motor Vehicle Lease Agreement with FirstBank Puerto Rico on or about November 4, 2010. The Lease Agreement provided for payments of $679.00 over 60 months with the last payment due on November 4, 2015.

5. Pursuant to the terms of the Lease Agreement, the Debtor has an option to purchase the vehicle at the end of the Lease, by paying the amount of $10,700.00 as residual value, and provided that Debtor has paid all other amounts under the Lease Agreement. Although the Lease Agreement provides that the lessor may do it so, the

agreement does not require FirstBank to finance the residual value of the vehicle. *See, Clause 10 of the Lease Agreement Attached on Claim no.1.*

6. The proposed plan dated November 12, 2012, provided for the payment "In full" of Debtor's leased vehicle with FirstBank. *See, Docket 5.*

7. FirstBank objects to the confirmation of debtor's plan dated November 12, 2012, due to the fact that the treatment under the proposed plan, with regard to Movant's leased vehicle does not comply with Sections 365 and 1322(b)(7) of the Bankruptcy Code, inasmuch that allowing Debtor to finance the residual value payment of the vehicle over the life of the plan is inconsistent with the terms of the lease.

### III. Applicable Law

8. In Chapter 13 cases, the assumption and rejection of leases and executory contracts is governed by Section 1322(b)(7) of the Bankruptcy Code, providing that a plan may "subject to section 365 of this title, provide for the assumption, rejection or assignment of any executory contract or unexpired lease not previously rejected under such section".

9. Under 11 USCA §365(a), court approval the assumption or rejection of any executory contract or unexpired lease is required. Moreover, Section 365(b) specifies three limitations on assumption when there has been a default in an executory contract or unexpired lease, thus the Trustee at the time of the assumption must: (1) promptly cure any defaults under the lease; (2) the non-debtor party to the lease or contract must be compensated for any pecuniary loss resulting from the default; and (3) provide adequate assurance of future performance under such contract or lease.

10. Section 365(p)(3) provides that in a case under Chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under §362 and any stat under under §1301 is automatically terminated with respect to the property subject to the lease. 11 U.S.C. §365(p)(3).

11. Furthermore, while the Bankruptcy Code permits a Chapter 13 debtor to modify the rights of certain holders of secured claims, since the Movant are parties to an

unexpired lease and not a security agreement, the Debtor is not entitled to modify the terms of the Lease and force Movant to finance his purchase of the Vehicle. *In re Calloway, 2010 WL 5597723 (Bankr. M.D. N.C. Oct. 28, 2010)* (holding that since motor vehicle contract between the debtor and Fifth Third Bank was a lease and not a security agreement, the debtor was required to treat Fifth Third Bank's claim in his Chapter 13 Plan as a lease and not as a secured debt which meant that the debtor could not obligate Fifth Third Bank to finance the purchase of his vehicle); *In re Pittman,* **289 B.R. 448, 450 (Bankr. M.D. Fla. 2003)** (ruling that § 1322(b)(2) precluded the debtor from modifying the rights of her motor vehicle lessor, including its right to be paid a lump sum payment for the vehicle's purchase price upon the debtor's exercise of the purchase option under their motor vehicle lease); *In re Winston, 181* **B.R. 589, 594 (Bankr. N.D. Ala. 1995)** (holding that the debtor could not treat a lessor as a secured creditor by paying the present value of the purchase option price of the lease through her Chapter 13 plan); *In ne Weske, 203* **B.R.** *694 (Bankn E.D. Wis. 1996)* (rejecting argument that Chapter 13 debtor could "finance the residual purchase price of a vehicle lease over the life" of his or her plan). Rather, if the Debtor wants to assume the Lease and exercise his option to purchase the Vehicle, he must do so assuming the Lease in accordance with the requirements of § 365 and paying the purchase price for the Vehicle in a lump sum. As currently written, the Debtor's Chapter 13 Plan modifies the terms between the parties by forcing Movants to finance the Debtor's purchase of the Vehicle. Consequently, the Lease is not validly assumed in the Plan. *See, In re Smith,* Bankr. Court, ED Pennsylvania 2011.

12.     Moreover, there is ample case authority holding that § 1322(b)(7) does not allow a chapter 13 debtor to finance the residual purchase price of a vehicle lease over the life of the chapter 13 plan; rather, the debtor is bound by the contract and must pay the residual purchase price in full in a lump sum. 5 *William L. Norton, Jr., Norton Bankruptcy Law & Practice 2d* § 121:10 (1994 & Supp.1996). *In re Ramirez-Arellano, 113 B.R. 796, 797 (Bankr.S.D.Fla.1990),* declares that it is beyond the power of a court to expand § 1325(b)(2) and § 1325(a)(5)(B) to require the lessor to finance the option purchase price when the lease terms require that such option price shall be exercised in cash. *See also In re Jackson, 105 B.R. 418, 419 (Bankr. S.D.Ohio 1989),* and *In re*

*Blackburn*, 88 B.R. 273, 276 (Bankr.S.D.Cal.1988). Cases cited in *In re Weske*, 203 BR 694.

13. On the other hand, Section 1326 on *Payments* states as follows:

> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount-
> 
> (A) …
> 
> (B) **Scheduled in a lease of personal property directly to the lessor** for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; (…)

## IV. ALLEGATIONS

14. In this case, Debtor has failed to provide for the assumption of the Lease with FirstBank. Nonetheless, the plan provides for the debtor to purchase the vehicle by paying in full thru the trustee the leased vehicle. It is Movant's contention that by treating the lease in this manner, the Debtor is forcing this creditor to finance her purchase of the vehicle despite the fact that FirstBank never agreed to it, and the Lease contains not terms obligating movant to do so.

15. It is FirstBank's position that as currently written, the Debtor's Chapter 13 Plan modifies the terms between the parties by forcing Movant to finance the Debtor's purchase of the Vehicle. Consequently, the Lease is not validly assumed in the Plan.

16. Debtor Chapter 13 plan dated November 12, 2012, provides for the payment in full of Movant's leased vehicle thru the Trustee. According to this provision, Movant will have to wait approximately 6 months, if the case is confirmed, to begin receiving payments from the Trustee for its leasing, when according to Section 1326(a)(1)(B), debtor shall commence making payment **not later than 30 days** after the order of relief scheduled in a lease of personal property **directly to the lessor** for that portion of the obligation that becomes due after the order for relief.

17. Pursuant Debtor's proposal to pay FirstBank's leased vehicle thru the Trustee means that Movant will receive payments from the trustee for amounts

approximately $558.00, when according to the terms of the lease agreement the **scheduled payments** executed by and between debtor and FirstBank are in the amount of $679.00.

18. Moreover, debtor's intention to pay the leased vehicle through the Chapter 13 Trustee means that the Trustee will end paying Movant's claim around October of 2017, vis-à-vis the maturity date of the contract which is November 4, 2015, that is an extension of 26 months of the original lease agreement, which movant does not accept. It is our position that this treatment does not constitute a promptly cure of lease arrears.

19. It is movant's contention that if the Debtor wishes to assume the lease agreement, the **entire** contract must be assumed or rejected. Its provisions cannot be "cherry picked" and modified pursuant debtor's wishes.

V. PLEA

21. In view of the aforesaid, Movant objects to the confirmation of the Debtor's proposed plan and due to the fact that the debtor has failed to properly assume the Lease Agreement, pursuant Section 365 of the Bankruptcy Code. Thus, FirstBankrespectfully request from this Honorable Court and Order deeming the lease as rejected and requiring the Debtor to surrender the vehicle.

WHEREFORE, **FirstBank Puerto Rico,** very respectfully prays as relief, that this Honorable Court denies the Confirmation of Debtor's plan.

In San Juan, Puerto Rico, this 2nd day of January, 2013.

### NOTICE

Within FOURTEEN (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who

objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Puerto Rico Local Bankruptcy Rule 9013-1(h)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtor: **LISANDRA COLON COLON,** at the address on record, PO BOX 626, JAYUYA, PUERTO RICO 00664; and to the authorized addresses through/by the Bankruptcy CM/ECF System to: all creditors; Debtor's counsel, **ROLANDO EMMANUELLI JIMENEZ / ANDREW JIMENEZ CANCEL;** and to **ALEJANDRO OLIVERAS RIVERA,** Chapter 13 Trustee.

BY: //s// **MARISTELLA SANCHEZ RODRIGUEZ**
Maristella Sanchez Rodriguez, Esq.
Attorney for Movant- US 224714
MARIA M. BENABE-RIVERA, ESQ.
Attorney for Movant- US 208906
PO Box 9146, Santurce, PR 00908-0146
Tel. (787) 729-8135, Fax (787) 729-8270
Email: maristella.sanchez@firstbankpr.com